IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER T., MAURA K., and M.T.,<br><br>Plaintiffs,<br><br>v.<br><br>OXFORD HEALTH INSURANCE, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No. 2:24-cv-00189-TC-DAO<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Before the court is the Plaintiffs' motion for leave to serve Defendant Oxford Health Insurance, Inc. (Oxford) by alternative means. (ECF No. 64.) For the following reasons, the court grants the motion.

## BACKGROUND

The Plaintiffs filed this action on March 12, 2024, asserting the following claims against Oxford: 1) a claim for benefits under the Employee Retirement Income Security Act (ERISA), see 29 U.S.C. § 1132(a)(1)(B); a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3); and a claim for violations of the Mental Health Parity and Addiction Equity Act (the Parity Act). (See Compl. ¶¶ 24–45, ECF No. 2.) The Plaintiffs served Oxford with a copy of the summons and complaint on July 26, 2024. (See Proof of Service, ECF No. 20.) Oxford did not answer or otherwise respond. Accordingly, the Plaintiffs moved for entry of default

1

(ECF No. 29) and the Clerk of Court entered default against Oxford on September 27, 2024. (Entry of Default, ECF No. 31.)

The court then denied the Plaintiffs' motion for default judgment after noting certain errors in the Complaint and granting leave for the Plaintiffs to file an Amended Complaint. (Order Denying Mot. Default J., Jan. 16, 2025, ECF No. 36.) The Plaintiffs filed their Amended Complaint (ECF No. 37) on January 30, 2025, and then renewed their motion for entry of default. (ECF No. 39.) The Clerk of Court entered a second default certificate against Oxford on March 14, 2025. (Second Entry of Default, ECF No. 42.)

But the court denied the Plaintiffs' renewed motion for default judgment after receiving a Notice of Rejected Service from CT Corporation stating that CT Corporation was not the registered agent for Oxford. (See ECF No. 43.) To fix these service issues, the Plaintiffs filed a Second Amended Complaint (ECF No. 45), and the court held a hearing at which Plaintiffs' counsel explained her attempts to serve Oxford. (Min. Entry, July 31, 2025, ECF No. 55.)

Since that hearing, the Plaintiffs have attempted service with the New York Secretary of State, at an address listed in the plan policy documents—14 Central Park Drive, Hooksett, New Hampshire—, and at additional addresses suggested by business entity databases maintained by New York and New Jersey.[1] (See ECF Nos. 56, 57, 61, 62.)

The Plaintiffs have also filed a renewed motion for entry of default. (ECF No. 62.) But before granting that motion, the court ordered the Plaintiffs to explain whether any additional means of alternative service, such as through email, could be successful. (Order, Oct. 7, 2025, ECF No. 63 at 1–2.) In response to that order, the Plaintiffs have identified an email address for

---

[1] The Plaintiffs previously attempted to serve Oxford at 4 Research Drive, Shelton, Connecticut, another address listed in the plan policy documents, but the process server stated that Oxford was no longer a company at that address. (See ECF No. 13.)

2

Oxford that is publicly listed through its parent company, UnitedHealthcare. (See ECF No. 64 at 2.) Accordingly, the Plaintiffs now move for alternative service by serving Oxford through the listed email address. (Id. at 3.)

## LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure provides that service on a corporation, partnership, or other unincorporated entity may be completed "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or general agent …." Fed. R. Civ. P. 4(h)(1)(A)–(B). And Rule 4(e)(1) provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Because the Plaintiffs filed this action in the District of Utah, the court examines the methods of service permitted under Utah law.

Under the Utah Rules of Civil Procedure, an entity may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent …." Utah R. Civ. P. 4(d)(1)(E). But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence … or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A). The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party …." Id. The proposed method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B).

## ANALYSIS

Having reviewed the plan policy documents filed by the Plaintiffs (see ECF No. 64-1), the court agrees that the Plaintiffs have made diligent and repeated good faith efforts to serve Oxford. (See also ECF No. 63 at 1.) It appears that Oxford cannot be served at the addresses listed in those documents. (See ECF Nos. 13 & 61.) And the court takes judicial notice that the UnitedHealthcare website lists Oxford Health Insurance, Inc. as a legal entity without providing any contact information.[2] The court therefore finds that the Plaintiffs cannot ascertain Oxford's whereabouts by exercising reasonable diligence and that alternative service is appropriate. The email address suggested by the Plaintiffs can be found on UnitedHealthcare's website listing contact information for Oxford Benefit Management.[3] Accordingly, the court finds that the Plaintiffs' proposed method of service is reasonably calculated to apprise Oxford of this action.

While the Plaintiffs have filed several exhibits explaining their steps to serve Oxford (see Exhibits to ECF No. 58), the court notes that the Plaintiffs have not supported their motion with an affidavit or declaration as required by the Utah Rules of Civil Procedure. But the Plaintiffs may cure this deficiency by filing the required affidavit or declaration as set forth below.

## ORDER

Because the Plaintiffs diligently attempted to locate and serve the Defendant, and the proposed method of service is reasonably calculated to apprise the Defendant of this action, the court ORDERS as follows:

1.   The court GRANTS the Plaintiffs' Motion for Alternative Service. (ECF No. 64.)

---

[2] See https://www.uhc.com/legal/legal-entities (last accessed Oct. 27, 2025).
[3] See https://www.uhc.com/obm/contact-us (last accessed Oct. 27, 2025).

      2.      The Plaintiffs must send a summons, the Second Amended Complaint, and a copy of this order to the following email address: obm@ancillary-benefits.com. The Plaintiffs must attempt service at this email address at least three times, and not more than once every other day. The deadline for service is extended to November 10, 2025.

      3.      Within 14 days from the date of this order, the Plaintiffs must file a declaration or affidavit that 1) includes the information provided in the Plaintiffs' previous filings (ECF Nos. 58 & 62) detailing the Plaintiffs' attempts to locate and serve the Defendant; and 2) avers that the Plaintiffs have complied with the directions for alternative service contained in this order.

      4.      Service shall be deemed complete upon the filing of the Plaintiffs' declaration or affidavit.

      5.      The court DENIES WITHOUT PREJUDICE the Plaintiffs' Motion for Entry of Default. (ECF No. 62.) The court grants the Plaintiffs leave to refile a motion for entry of default if the Defendant does not respond within 21 days from the date on which service is deemed complete.

      DATED this 27th day of October, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge